UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10572-GAO

GERALD CHOW and LILY CHOW,
Plaintiffs,

v.

MARK J. ZIMNY and IVY ADMIT CONSULTING ASSOCIATES LLC,
Defendants.

ORDER
December 17, 2010

O'TOOLE, D.J.

The plaintiffs, Mr. and Mrs. Chow, paid over $2 million to the defendants, Mark Zimny and his company IvyAdmit Consulting Associates LLC, for the defendants' help in assisting the Chows' two sons to gain admission into elite private schools. The relationship between the defendants and the Chows eventually soured, and the Chows brought this case claiming, among other things, fraud, breach of contract, and breach of fiduciary duty. The plaintiffs seek a preliminary injunction and/or a real estate attachment as security for their claims. The defendants have moved to dismiss all the plaintiffs' claims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

*The Motions to Dismiss.* The following is a brief summary of the key allegations of the complaint:

The Chows are citizens of China and live in Hong Kong. They met Zimny at a graduation ceremony for one of their sons in 2007. Zimny told the Chows that he was a professor at Harvard. He learned that the Chows had two sons, one already in an

American school, and another hoping to attend an American school in the future. Zimny told the Chows that he was an educational counselor and that he owned a company called IvyAdmit that provided educational consulting services to foreign persons, such as the Chows, who wanted to have their children educated in the United States.

Zimny proposed to the Chows the following arrangement. For $4000 a month per child, he and his company IvyAdmit would supervise the two Chow sons, be available to them twenty-four hours a day, help with their living arrangements, keep in contact with their schools, encourage their academic performance, and help develop an appropriate strategy to gain their admission to top universities. Zimny also promised to make development contributions to schools to assist in the admission process. The Chows would reimburse him for his expenditures in connection with his services. The Chows agreed to this arrangement.

At first, the relationship between Zimny and the Chows developed smoothly. In 2007, one son started the tenth grade at the Brooks School in North Andover and the other son enrolled in the Beaver Country Day School in Chestnut Hill.[1] In January 2008, Zimny requested that the Chows wire $75,000 to IvyAdmit to be used as contributions to the development funds at schools to which the sons would apply. In March 2008, Zimny requested an additional $80,000. The Chows wired the requested money on both occasions.

In the summer of 2008, Zimny recommended that the Chows no longer pay him $4000 a month per child, but, rather, deposit with IvyAdmit a $2 million retainer. He stated that he would use this retainer to help their sons gain admission to American colleges. He said that he would invest the $2 million retainer, use the investment returns

---

[1] The complaint alleges incorrectly that Beaver Country Day School is in Lexington.

to pay his monthly consulting fees and the sons' tutoring fees, and make development contributions on behalf of the Chows as appropriate. He told the Chows that he would repay the retainer (and any unspent investment gains and interest) when the two sons "got into the colleges of their choice." (Id. ¶ 25.) The Chows agreed to this arrangement. They wired IvyAdmit the $2 million over a period of several months in late 2008 and early 2009.

The relationship between Zimny and the Chows soured thereafter. Eventually, the Chows lost trust in Zimny, and Zimny stopped providing services to the two sons. In February 2010, Mr. Chow formally terminated their relationship and requested a return of the $2 million retainer. He also requested that Zimny identify the schools to which Zimny made the supposed $75,000 and $80,000 contributions or, if Zimny never made the contributions, that he return the money. Zimny responded that he would not return the $2 million and provided no information about the $75,000 and $80,000 contributions.

The allegations of the complaint are sufficient under Rules 9(b) and 12(b)(6) and the doctrine of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937 (2009). Under that doctrine, a pleader must set forth enough particulars to show that the claims are "plausible." See Twombly, 550 U.S. at 570. "Twombly cautioned against thinking of plausibility as a standard of likely success on the merits; the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepúlveda-Villarini v. Dep't of Educ. of P.R., No. 08-2283, slip op. at 10-11 (1st Cir. Dec. 10, 2010). The complaint meets that standard.

After careful consideration of the defendants' written and oral arguments, the defendants' motions to dismiss (dkt. nos. 8 & 9) are DENIED in their entireties.

*The Motion for Security.* There does not seem to be a dispute that the Chows hired Zimny and IvyAdmit, that Zimny performed services for the Chows under their agreement, and that the Chows sent Zimny a "retainer" of $2 million, as well as an additional $155,000, for some purpose. What is disputed is what the precise terms of the parties' agreement was and whether Zimny may keep or must return the balance of the retainer, whatever that might be. The monies paid to him thus may be thought of as a kind of *res* the ownership of which is disputed by the parties. It is important that it be maintained so that it might ultimately be determined who is entitled to it.

Accordingly, it is appropriate that the defendants be ordered to hold any sums of money given to them by the Chows and still unspent. Therefore, pursuant to Federal Rules of Civil Procedure 64 and 65, Mark J. Zimny and Ivy Admit Consulting Associates LLC, ("Defendants") and all their agents, servants, employees and attorneys, and all persons in active concert or participation with them, are preliminarily enjoined from, directly or indirectly, transferring, assigning, pledging, hypothecating, causing to diminish in value, encumbering, selling or otherwise granting a security or collateral interest in or to any of their assets or the assets of any partnership, corporation, limited liability company, entity or other form of business (whether incorporated or unincorporated) in which the Defendants hold any direct or indirect ownership interest or of which they are officers, directors, employees, members, representatives, partners or over which they have any control up to the amount of $2,155,000.00, all until further order of the Court.

The plaintiffs' request for a real estate attachment is denied.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge