UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10572-GAO

GERALD CHOW and LILY CHOW,
Plaintiffs,

v.

MARK J. ZIMNY and IVYADMIT CONSULTING ASSOCIATES LLC,
Defendants.

ORDER
September 30, 2014

O'TOOLE, D.J.

The plaintiffs move *in limine* to exclude the expert testimony of the defendants' proposed expert witness, registered investment advisor Steve Garrett. Mr. Garrett seeks to testify on three issues: that the plaintiffs' reliance on the defendants' representations was "not based on reasonable expectations;" that Mr. Chow was "well equipped to make sound investment choices" based on his extensive background; and that no reasonable person would have relied upon the defendants' representations. (Defs.' Opp. to Pls.' Mot. in Limine, Ex. A at 1 (dkt. no. 143).) In their opposition to the plaintiffs' motion, the defendants concede that expert testimony is unnecessary for the latter two issues.[1] Accordingly, the only remaining issue is whether Mr. Garrett's testimony as to the reasonableness of the plaintiffs' expectations is admissible.

---

[1] As to the issue of whether Mr. Chow's background equipped him to make reasonable investment choices, the defendants' opposition includes the following language: "IvyAdmit would . . . agree with the Chows that Mr. Garrett's opinion [on Mr. Chow's background] is something the jury can conclude from the evidence with the need for Mr. Garrett's opinion." (Defs.' Opp. to Pls.' Mot. in Limine at 3 (dkt. no. 143).) I assume, based on the context and phrasing of this excerpt, that "with" is a typographical error and that the defendants intended to communicate that the jury could come to these conclusions *without* Mr. Garrett's opinion.

The plaintiffs contend that Mr. Garrett's testimony improperly instructs the jury how to rule on an element of the plaintiffs' fraud claim—namely, whether the plaintiffs reasonably relied on the defendants' representations. While Rule 704 of the Federal Rules of Evidence lifts the prohibition on opinions "embrac[ing] an ultimate issue," the federal rules bar "opinions which would merely tell the jury what result to reach" and "opinions phrased in terms of inadequately explored legal criteria." Fed R. Evid. 704 advisory committee's note. Mr. Garrett's report speaks to whether it was reasonable for the plaintiffs to rely on the defendants' promises. While Mr. Garrett does not use the precise legal language for fraud claims, his opinion offers a conclusion as to a key legal issue, and such testimony is inadmissible. Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100 (1st. Cir. 1997) ("[I]t is for the judge, not the lawyers or the witnesses, to inform the jury of the law applicable in the case and to decide any purely legal issue."); Dinco v. Dylex Ltd., 111 F.3d 964, 973 (1st Cir. 1997) (explaining that an expert should avoid "tell[ing] the jury at length that the plaintiffs reasonably relied upon specific statements made to them").

The defendants argue that Mr. Garrett's testimony will allow the jury to understand the terms of the contract between the parties. However, an expert may not testify for the purpose of interpreting contractual provisions or explaining the legal obligations that arise from a contract. S.E.C. v. Goldsworthy, 2008 WL 2943398 at *4 (D. Mass. Jan. 3, 2008). Moreover, while an expert may define technical terms or other terms of art in a contract, the defendants make no showing that such language is present here. See United States v. Shay, 57 F.3d 126, 132 (1st Cir. 1992) (explaining that the fundamental inquiry for admitting expert testimony is whether specialized knowledge is required of the jury); Goldsworthy, 2008 WL 2943398 at *7 (discussing when an expert may testify as to a contract).

To be sure, the expert's opinion purports to analyze the reasonableness of the plaintiffs' behavior based on "historical returns from any investments available." (Defs.' Opp. to Pls.' Mot. in Limine, Ex. A at 1 (dkt. no. 143).) This phrase might suggest that Mr. Garrett's opinion bears on industry practice, an area within the scope of permissible expert testimony. Dinco, 111 F.3d at 973; Goldsworthy, 2008 WL 2943398 at *7. However, the defendants do not make this argument in their opposition, and this Court declines to give a single ambiguous phrase such weight.

For the reasons described herein, the plaintiff's Motion *in Limine* to Exclude the Testimony of Defendants' Expert (dkt. no. 128) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge